# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TRUSTEES OF THE OPERATING ENGINEERS )
PENSION TRUST, et al.,                )
                                      )
              Plaintiffs,        )  Case No. 2:12-cv-00338-KJD-NJK
                                      )
vs.                                   )  SECOND ORDER TO SHOW CAUSE
                                      )  WHY GARY BRANTON SHOULD
MAUI ONE EXCAVATING, INC., et al.,    )  NOT BE SANCTIONED
                                      )
              Defendants.        )
                                      )

For the reasons stated below, the Court hereby ORDERS attorney Gary Branton to show cause in writing, no later than February 28, 2013, why the Court should not issue sanctions against him in an amount up to $5,000 pursuant to Local Rule IA 4-1, Fed. R. Civ. P. 16(f), the Court's inherent authority and/or 18 U.S.C. § 1927. Plaintiff's attorney Shawn McDonald may submit an declaration of his fees in relation to the February 21, 2013 hearing, as well as his fees in connection with the pending motion to withdraw generally. That declaration should be filed no later than February 28, 2013.

On February 1, 2013, the Court issued a minute order setting a hearing on Attorney Gary Branton's motion to withdraw as attorney of record for Defendants. Docket No. 21. The Court's minute order indicated that

> Defendants Maui One Excavating, Inc., Paitaka Miyahira and Tasey Miyahira are hereby ordered to attend the hearing. Any new counsel retained to represent Defendants in this matter is also ordered to attend. THERE WILL BE NO EXCEPTIONS TO THESE APPEARANCE REQUIREMENTS.

Docket No. 21 (emphasis in original).

Notwithstanding the explicit requirement that Defendants appear at the hearing, none of them did so. *See* Docket No. 22. Instead, Mr. Branton indicated at the hearing that he never

1  provided them notice of the Court's order that they appear.  The Court then issued an order to show
2  cause why Mr. Branton should not be sanctioned for failing to comply with the Court's order.
3  Docket No. 24.  Mr. Branton responded, indicating that he had no legitimate excuse for his
4  shortcoming and that he "fully understand[s] now that [he is] the attorney of record for the
5  Defendants until relieved of that responsibility by the Court."  Docket No. 25 at 2.  The Court
6  discharged the order to show cause, but cautioned Mr. Branton that he was expected "to fully
7  comply with Court orders in the future."  Docket No. 26.
8      Concurrently with the order to show cause, the Court also issued a minute order scheduling a
9  second hearing on Mr. Branton's motion to withdraw as counsel.  Docket No. 23.  That minute order
10 stated in relevant part that:
11
> The Court hereby schedules a hearing on the pending motion to be held on February 21, 2013 at 3:00 p.m. in Courtroom 3D. Defendants Maui One Excavating, Inc., Paitaka Miyahira and Tasey Miyahira are hereby ordered to attend the hearing. Any new counsel retained to represent Defendants in this matter is also ordered to attend. **THERE WILL BE NO EXCEPTIONS TO THESE APPEARANCE REQUIREMENTS.** No later than February 14, 2013, Mr. Branton shall notify Defendants of this order that they appear and shall file with the Court a declaration indicating the manner in which he notified them.

16 Docket No. 23 (emphasis in original).  Nothing in the Court's order discharging the order to show
17 cause altered any of these requirements and the Court has so far deferred ruling on Mr. Branton's
18 pending motion to withdraw as counsel.
19     Nonetheless, and despite the Court's explicit statement that Mr. Branton must comply with
20 court orders, Mr. Branton failed to "file with the Court a declaration indicating the manner in which
21 he notified [Defendants]" of the Court order that they appear on February 21, 2013.
22     On February 21, 2013, the Court called this matter for the hearing on Mr. Branton's motion
23 to withdraw as scheduled.  Unfortunately, neither Mr. Branton, his clients, nor any new attorney
24 representing his clients appeared, though Plaintiff's counsel Mr. McDonald did appear.  As Mr.
25 Branton acknowledged only a few days ago, this Court has not granted his motion to withdraw as
26 counsel and he remains "the attorney of record for the Defendants until relieved of that
27 responsibility by the Court."  Docket No. 25 at 2.  The Court conceives no reason why he did not
28 appear at the February 21, 2013, hearing on *his* motion to withdraw as counsel.

For the reasons stated above, the Court hereby ORDERS attorney Gary Branton to show cause in writing, no later than February 28, 2013, why the Court should not issue sanctions against him in an amount up to $5,000 pursuant to Local Rule IA 4-1, Fed. R. Civ. P. 16(f), the Court's inherent authority and/or 18 U.S.C. § 1927.

The Court further ORDERS Mr. Branton to file, no later than February 23, 2013, a declaration indicating whether, and the manner in which, he notified Defendants of the Court order that they appear on February 21, 2013.

IT IS SO ORDERED.

DATED:  February 22, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge