UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, et al.,<br><br>            Plaintiffs,<br><br>vs.<br><br>MAUI ONE EXCAVATING, INC., et al.,<br><br>            Defendants. | Case No. 2:12-cv-00338-KJD-NJK<br><br>ORDER SANCTIONING GARY BRANTON |

On February 22, 2013, the Court ordered attorney Gary Branton to show cause for a second time why he should not be sanctioned pursuant to Local Rule IA 4-1, Fed. R. Civ. P. 16(f), the Court's inherent authority and/or 18 U.S.C. § 1927. Docket No. 29 ("Second Order to Show Cause"). That Second Order to Show Cause arose out of Mr. Branton's failure to appear for the hearing set for February 21, 2013 ("Second Hearing") and his failure to file with the Court a declaration that he notified Defendants of the requirement that they appear at that hearing. *See id.*; *see also* Docket No. 27. The Court has received a written response from Mr. Branton. *See* Docket No. 30.[1] Having reviewed that response, for the reasons stated below, the Court hereby **SANCTIONS** Mr. Branton in the amount of $300 to be paid within ten days.

---

[1] The response did not request a hearing on the Second Order to Show Cause and the Court finds that holding a hearing is unnecessary. *See* Local Rule 78-2.

## I. STANDARDS

Parties are required to follow court orders. *See, e.g.*, Fed. R. Civ. P., Rule 16(f).[2] Rule 16(f) requires parties to comply with pretrial orders and provides that a judge may order appropriate sanctions, as outlined in Rule 37(b)(2)(A)(ii)-(vii), for non-compliance. Whether the party and/or its counsel disobeyed the court order intentionally is impertinent; sanctions may be imposed when the parties and their counsel disobey a court order. *See Lucas Auto. Eng'g, Inc. v. Bridgestone/ Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001) (sanctions may be imposed when disobedience of order is unintentional). Rule 16(f) "was designed not only to insure the expeditious and sound management of cases for trial, but to deter conduct that unnecessarily consumes 'the Court's time and resources that could have been more productively utilized by litigants willing to follow the Court's procedures.'" *Martin Family Trust v. Heco/Nostalgia Enterps. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999) (quoting *Mulkey v. Meridan Oil, Inc.*, 143 F.R.D. 257, 262 (W.D. Okla. 1992)).

Similarly, the Local Rules make clear that the Court may "impose any and all appropriate sanctions" on attorneys who, without just cause, either fail to appear when required for argument on a motion or otherwise fail to comply with any order of the Court. Local Rule IA 4-1.

## II. BACKGROUND

On February 1, 2013, the Court issued a minute order setting a hearing on Attorney Gary Branton's motion to withdraw as attorney of record for Defendants. Docket No. 21. The Court's minute order indicated that

> Defendants Maui One Excavating, Inc., Paitaka Miyahira and Tasey Miyahira are hereby ordered to attend the hearing. Any new counsel retained to represent Defendants in this matter is also ordered to attend. THERE WILL BE NO EXCEPTIONS TO THESE APPEARANCE REQUIREMENTS.

Docket No. 21 (emphasis in original).

Notwithstanding the explicit requirement that Defendants appear at the hearing, none of them did so. *See* Docket No. 22. Instead, Mr. Branton indicated at the hearing that he never provided them notice of the Court's order that they appear. The Court then issued its first order to

---

[2] References to "Rules" hereafter refer to the Federal Rules of Civil Procedure.

show cause why Mr. Branton should not be sanctioned for failing to comply with the Court's order. Docket No. 24. Mr. Branton responded, indicating that he had no legitimate excuse for his shortcoming and that he "fully understand[s] now that [he is] the attorney of record for the Defendants until relieved of that responsibility by the Court." Docket No. 25 at 2. The Court discharged that order to show cause, but cautioned Mr. Branton that he was expected "to fully comply with Court orders in the future." Docket No. 26.

Concurrently with the first order to show cause, the Court issued a minute order scheduling the Second Hearing on Mr. Branton's motion to withdraw as counsel. Docket No. 23 ("Second Minute Order"). The Second Minute Order stated in relevant part that:

> The Court hereby schedules a hearing on the pending motion to be held on February 21, 2013 at 3:00 p.m. in Courtroom 3D. Defendants Maui One Excavating, Inc., Paitaka Miyahira and Tasey Miyahira are hereby ordered to attend the hearing. Any new counsel retained to represent Defendants in this matter is also ordered to attend. **THERE WILL BE NO EXCEPTIONS TO THESE APPEARANCE REQUIREMENTS.** No later than February 14, 2013, Mr. Branton shall notify Defendants of this order that they appear and shall file with the Court a declaration indicating the manner in which he notified them.

Docket No. 23 (emphasis in original).

Nonetheless, and despite the Court's explicit warning that Mr. Branton must comply with Court orders, Mr. Branton failed to file with the Court a declaration indicating the manner in which he notified Defendants the requirement that they appear at the Second Hearing. Moreover, on February 21, 2013, the Court called the Second Hearing as scheduled. Docket No. 27. Unfortunately, neither Mr. Branton, his clients, nor any new attorney representing his clients appeared. *See id.*[3] As Mr. Branton acknowledged only a few days earlier, this Court had not granted his motion to withdraw as counsel and he remained "the attorney of record for the Defendants until relieved of that responsibility by the Court." Docket No. 25 at 2.

//
//
//

---

[3] Plaintiff's counsel did appear. *See* Docket No. 27.

3

The Court then issued the Second Order to Show Cause why Mr. Branton should not be sanctioned for his shortcomings in relation to the Second Minute Order and the Second Hearing.[4] It is that Second Order to Show Cause that is now before the Court.[5]

### III. ANALYSIS

The Second Order to Show Cause identified two shortcomings by Mr. Branton: (1) that he failed to file a declaration indicating that he had provided notice to his clients of the Second Hearing and (2) that he failed to attend the Second Hearing himself. *See* Docket No. 29 at 2. Mr. Branton responded that he is blameless for those shortcomings because he never received notice of the Second Minute Order setting the Second Hearing and requiring that he notify Defendants of that hearing. *See* Branton Decl. ¶ 10 (Docket No. 30). He further indicates that he searched his email files for such a notice once he received the pending Second Order To Show Cause, but could not locate any record that the notice was received. *See id.* at ¶¶ 3, 4, 8.

In addition to Mr. Branton's declaration, however, the Court also has before it significant evidence contradicting his assertion. Notice of the Second Minute Order was sent through the Court's CM/ECF system. *See* Attachment 1 (Notice of Electronic Filing ("NEF")). The NEF makes clear that notice was sent both to Mr. Branton at gary@garybrantonlaw.com and to his assistant at rhonda@garybrantonlaw.com at 12:17 p.m. (PST) on February 12, 2013. *Id.* at 2.[6] The NEF establishes that notice was properly sent, creating a presumption of delivery and receipt that Mr. Branton bears the burden of rebutting. *See American Boat Co. v. Unknown Sunken Barge*, 567 F.3d

---

[4] The Court simultaneously issued an order to show cause why sanctions should not be imposed against Defendants. Docket No. 28. The Court discharged that order to show cause, but explained that it would rule separately on sanctions as to Mr. Branton. *See* Docket No. 31 at 1 n.1.

[5] After the Second Order to Show Cause was issued, the parties stipulated to dismissal of this case. *See* Docket No. 36. Nonetheless, the Court retains jurisdiction to impose sanctions. *See, e.g., United Energy Owners Committee v. United States Energy Mgmt. Sys., Inc.*, 837 F.2d 356, 358 (9th Cir. 1988) (district court retains jurisdiction to impose sanctions after entry of judgment and filing of appeal).

[6] Mr. Branton's response is silent as to whether his assistant received the NEF and/or whether Mr. Branton searched her email files.

348, 352-53 (8th Cir. 2009). Mr. Branton's only evidence to overcome this presumption is his statement in his declaration that he did not receive notice of the Second Minute Order, which is plainly insufficient. *See Singh v. Arrow Truck Sales, Inc.*, 2006 WL 1867540, *1 (E.D. Cal. July 5, 2006) (finding NEF showed counsel had notice of order, notwithstanding counsel's statements in declaration that notice of order was never received, and sanctioning counsel under Rule 16(f)).

While the NEF alone is sufficient to find that Mr. Branton had proper notice in this case, additional evidence before the Court confirms that fact. Importantly, the Court tracks not only the sending of its email notifications, but also the delivery of its e-mail notifications through the Administrative Office's Case E-Mail Notification Tracking System ("CENTS"). The CENTS records in this case confirm that the email notification <u>was successfully delivered</u> to Mr. Branton and his assistant on February 12, 2013. *See* Attachments 2, 3 (indicating that "Message Successfully delivered").[7]

In light of the evidence before the Court, Mr. Branton has failed to rebut the presumption that he received notice of the Second Minute Order. Given that he provides no other possible justification for his conduct, the Court finds that sanctions are appropriate pursuant to Rule 16(f) and Local Rule IA 4-1. The Court has broad discretion in fashioning the appropriate sanctions. *See, e.g., Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1397 (9th Cir. 1993). The Court may award any "just" sanctions under Rule 16(f) and "any and all appropriate" sanctions under Local Rule IA 4-1. In determining the appropriate sanction, the Court notes that a primary objective of Rule 16(f) is the deterrence of similar misconduct. *Martin Family Trust*, 186 F.R.D. at 604.[8]

---

[7] A number of other factors also support a finding that Mr. Branton had notice of the Second Minute Order. First, Mr. Branton has received a number of other notices through the Court's CM/ECF system. *See, e.g.*, Docket No. 25 at 2 (discussing NEF received for hearing set for February 7, 2013). Second, Mr. Branton's opposing counsel appeared at the Second Hearing, suggesting that he received notice of it. *See* Docket No. 27 (noting appearance of Plaintiff's counsel at hearing). Lastly, Mr. Branton failed to provide any evidence of a CM/ECF outage at the time of the notice.

[8] The Court also considers the resources wasted by the opposing party due to the violation of the Court order. *See, e.g.*, Federal Rule 16(f)(2). To that end, the Court invited Plaintiff's attorney to submit a declaration of his fees. *See* Docket No. 29 at 1. Such a declaration was not received, so the Court will not award attorney's fees to Plaintiff.

      The Court finds that a $300 sanction is appropriate here. The sanction is personal to Mr. Branton. Payment of the $300 shall be made *within ten days*, as a court fine, to the "Clerk, U.S. District Court." Mr. Branton shall submit proof of payment to the undersigned Judge's chambers within five days of payment.

### IV.   CONCLUSION

      For the reasons discussed above, the Court hereby **SANCTIONS** Mr. Branton personally in the amount of $300, pursuant to Federal Rule 16(f) and Local Rule IA 4-1.

IT IS SO ORDERED.

DATED: May 7, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge

6

# Attachment 1

```
MIME-Version:1.0
From:cmecf@nvd.uscourts.gov
To:cmecfhelpdesk@nvd.uscourts.gov
Bcc:
--Case Participants: Gary G Branton (gary@garybrantonlaw.com,
rhonda@garybrantonlaw.com), Norman H. Kirshman (kirshmanlaw@yahoo.com), Emily Z
Manninger (emily@luch.com, manninger@luch.com), Nathan R. Ring
(adenni@theurbanlawfirm.com, kopenbrier@theurbanlawfirm.com,
murban@theurbanlawfirm.com, nring@theurbanlawfirm.com, pklausky@theurbanlawfirm.com,
sgallo@theurbanlawfirm.com, smcdonald@theurbanlawfirm.com,
vhernquist@theurbanlawfirm.com), Michael A Urban (adenni@theurbanlawfirm.com,
kopenbrier@theurbanlawfirm.com, murban@theurbanlawfirm.com, nring@theurbanlawfirm.com,
pklausky@theurbanlawfirm.com, sgallo@theurbanlawfirm.com,
smcdonald@theurbanlawfirm.com, vhernquist@theurbanlawfirm.com), Judge Kent J. Dawson
(kjd_chambers@nvd.uscourts.gov), Magistrate Judge Nancy J. Koppe
(katie_blakey@nvd.uscourts.gov, nancy_koppe@nvd.uscourts.gov,
njk_chambers@nvd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:<6072442@nvd.uscourts.gov>
Subject:Activity in Case 2:12-cv-00338-KJD-NJK Trustees of the Operating Engineers
Pension Trust et al v. Maui One Excavating, Inc. et al Minute Order
```
Content-Type: text/html

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## United States District Court

## District of Nevada

## Notice of Electronic Filing

The following transaction was entered on 2/12/2013 at 12:17 PM PST and filed on 2/12/2013

**Case Name:** Trustees of the Operating Engineers Pension Trust et al v. Maui One Excavating, Inc. et al
**Case Number:** 2:12-cv-00338-KJD-NJK
**Filer:**
**Document Number:** 23(No document attached)

**Docket Text:**
MINUTE ORDER IN CHAMBERS of the Honorable Magistrate Judge Nancy J. Koppe, on 2/12/2013. RE: [20] MOTION to Withdraw as Attorney by Gary G. Branton. Pending before

the Court is a motion to withdraw as attorney of record filed by Gary Branton. Docket No. 20. The Court hereby schedules a hearing on the pending motion to be held on February 21, 2013 at 3:00 p.m. in Courtroom 3D. Defendants Maui One Excavating, Inc., Paitaka Miyahira and Tasey Miyahira are hereby ordered to attend the hearing. Any new counsel retained to represent Defendants in this matter is also ordered to attend. THERE WILL BE NO EXCEPTIONS TO THESE APPEARANCE REQUIREMENTS. No later than February 14, 2013, Mr. Branton shall notify Defendants of this order that they appear and shall file with the Court a declaration indicating the manner in which he notified them. With respect to Defendant Maui One Excavating, Inc., the Court wishes to highlight that it must retain counsel expeditiously as corporations may appear in federal court only through licensed counsel. U.S. v. High Country Broad. Co., Inc., 3 F.3d 1244, 1245 (9th Cir. 1993). IT IS SO ORDERED. (Copies have been distributed pursuant to the NEF - TM)

**2:12-cv-00338-KJD-NJK Notice has been electronically mailed to:**

Gary G Branton gary@garybrantonlaw.com, rhonda@garybrantonlaw.com

Michael A Urban murban@theurbanlawfirm.com, adenni@theurbanlawfirm.com, kopenbrier@theurbanlawfirm.com, nring@theurbanlawfirm.com, pklausky@theurbanlawfirm.com, sgallo@theurbanlawfirm.com, smcdonald@theurbanlawfirm.com, vhernquist@theurbanlawfirm.com

Norman H. Kirshman kirshmanlaw@yahoo.com

Emily Z Manninger manninger@luch.com, emily@luch.com

Nathan R. Ring adenni@theurbanlawfirm.com, kopenbrier@theurbanlawfirm.com, murban@theurbanlawfirm.com, pklausky@theurbanlawfirm.com, sgallo@theurbanlawfirm.com, smcdonald@theurbanlawfirm.com, vhernquist@theurbanlawfirm.com

**2:12-cv-00338-KJD-NJK Notice has been delivered by other means to:**

# Attachment 2



# CENTS Message Details

*Information Technology*
*Systems Deployment & Support Division*

Change Password    Change Secret Question    Start a Search    Contact Us    Search Tips

Back        Select Recipient Name:        Start a New Search
            gary@garybrantonlaw.com - 1010

**Envelope and Header Information**

**Sender:** cmecf@nvd.uscourts.gov

**Recipients:** gary@garybrantonlaw.com

**Subject:** Activity in Case 2:12-cv-00338-KJD-NJK Trustees of the Operating Engineers Pension Trust et al v. Maui One Excavating, Inc. et al Minute Order

**Message-ID Header:** 6072442@nvd.uscourts.gov

**Message Size:** 4.57 (KB)

**Ironport Host:** 156.119.43.22

**Message Timestamp:** 02/12/13 15:17:42 -05

**Sending Host IP Address:** 156.131.15.135

**Message Delivery Information**

02/12/13 15:17:43 -05   Message Successfully delivered to gary@garybrantonlaw.com at 50.57.0.16. Response '2.0.0 Ok: queued as 99/48-05369-663AA115'

Logged in as: guest@nvd.uscourts.gov (Logout)

Questions/Comments? dc@support.aotx.uscourts.gov

AO-OIT-SDSD
7550 IH-10 West, Suite 1100
San Antonio, TX 78229-5818

Attachment 3



# CENTS Message Details

Change Password    Change Secret Question    Start a Search    Contact Us    Search Tips

[Back]    Select Recipient Name:    [▼]  Start a New Search
rhonda@garybrantonlaw.com - 1010

**Envelope and Header Information**

Sender: cmecf@nvd.uscourts.gov

Recipients: rhonda@garybrantonlaw.com

Subject: Activity in Case 2:12-cv-00338-KJD-NJK Trustees of the Operating Engineers Pension Trust et al v. Maui One Excavating, Inc. et al Minute Order

Message-ID Header: 6072442@nvd.uscourts.gov

Message Size: 4.57 (KB)

Ironport Host: 156.119.43.22

Message Timestamp: 02/12/13 15:17:46 -05

Sending Host IP Address: 156.131.15.135

**Message Delivery Information**

02/12/13 15:17:47 -05   Message Successfully delivered to rhonda@garybrantonlaw.com at 50.57.0.16. Response '2.0.0 Ok: queued as D9/58-05369-B63AA115'

Logged in as: guest@nvd.uscourts.gov (Logout)

Questions/Comments? dc@support.aotx.uscourts.gov

AO-OIT-SDSD
7550 IH-10 West, Suite 1100
San Antonio, TX 78229-5818